AGUADILLA LIGHTER & STORAGE COMPANY, demandante, *v.* EL
SUPERINTENDENTE DE SEGUROS DE PUERTO RICO, AUGUSTO
R. SOLTERO, demandado.

No. 2.—*Sometido:* Diciembre 2, 1931. *Resuelto:* Marzo 17, 1932.

*José Sabater,* abogado de la demandante; *Attorney General James R. Beverley* y *Felipe Janer, Subprocurador,* abogados del demandado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Tratándose de un procedimiento nuevo y no fijando la ley los trámites y el alcance del mismo detalladamente, la corte resolvió oír a ambas partes sobre el particular.

Celebrada la audiencia, examinada la ley aplicable que lo es la No. 85 para promover el bienestar de los habitantes de Puerto Rico, etc., aprobada el 14 de mayo de 1928, y habiendo en consideración lo resuelto en el caso de *Soltero, Superintendente de Seguros,* v. *Foote, Juez,* 41 D.P.R. 509 y la jurisprudencia citada en la decisión, opinamos que deben fijarse las siguientes reglas:

1. Las cuestiones a considerar y a resolver dentro del recurso estarán limitadas a las resoluciones dictadas por el Superintendente de Seguros de Puerto Rico en relación con las clasificaciones de riesgos y premios relativas a las clasificaciones propuéstasles por los aseguradores de conformidad con la sección 27 de la Ley No. 85 de 1928.

2. El recurso se interpondrá por medio de petición radicada dentro del término de treinta días contados a partir de la fecha en que se dicte la resolución impugnada. Esta regla, en cuanto al término, regirá para los recursos que se interpongan contra las resoluciones que se dicten en y después del 1º de mayo de 1932.

3. La petición deberá alegar con particularidad, brevedad y certeza los hechos del caso y los fundamentos en que se basa el peticionario para solicitar el remedio, y deberá presentarse después de notificada con copia al Superinten-

dente quien tendrá quince días contados a partir del de la notificación para contestar.

4. La certeza de los hechos envueltos quedará establecida mediante la aceptación por parte del Superintendente de los alegados en la petición o mediante estipulación de ambas partes contentiva de los hechos últimos del caso. Toda cuestión innecesaria o redundante deberá eliminarse. El problema a resolver debe reducirse a sus términos más substanciales y simples.

5. Si los hechos alegados en la petición no fueren aceptados como ciertos por el Superintendente o si no pudieran ponerse de acuerdo las partes en la estipulación a que se refiere la regla anterior, se elevará el expediente formado en la oficina del Superintendente sobre el caso concreto en cuestión, original o por medio de copia certificada.

6. Si algún hecho hubiere quedado establecido mediante prueba practicada ante el Superintendente, la conclusión a que hubiere llegado dicho funcionario apreciándola, será aceptada como correcta por la corte, a menos que se demuestre la comisión de un error claro y manifiesto. No podrá practicarse nueva prueba ante este tribunal.

7. Trabada la contienda, el peticionario presentará su alegato por escrito dentro de quince días contados a partir de la radicación de la contestación del Superintendente. Se señalará entonces un día para oír a ambas partes, pudiendo el Superintendente radicar un alegato escrito cinco días antes del señalado para la vista. Una y otra parte se notificarán sus alegatos.

8. Celebrada la vista el caso quedará definitivamente sometido a la consideración y decisión del tribunal que podrá revisar las cuestiones de hecho y de derecho envueltas y modificar, revocar o confirmar la regla del Superintendente o dictar cualquier orden o decreto que sea adecuado.

Estas reglas se aplicarán, por supuesto, no sólo a este caso concreto en que se dictan, si que también servirán de

guía para la tramitación de los casos que puedan radicarse en lo sucesivo.