MIGUEL J. ARSUAGA, peticionario, *v.* CORTE DE DISTRITO DE HUMACAO, HON. RAFAEL ARJONA SIACA, JUEZ, demandada.

No. 827.—*Sometido:* Noviembre 28, 1932. *Resuelto:* Enero 27, 1933.

*Molina, Dubón & Ochoteco,* abogados del peticionario.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

El 30 de julio último esta corte decidió este *certiorari* por una sentencia que dice:

"Examinados los autos, por los motivos consignados en la opinión que antecede, se anula la orden de requerimiento dictada en el ejecutivo hipotecario, civil No. 16439 de la Corte de Distrito de Humacao, Miguel J. Arsuaga v. Cándido Ramírez Muñoz y su esposa María Morell Santana, devolviéndose el caso a la dicha Corte de Distrito de Humacao para ulteriores procedimientos de conformidad con la ley."

El 6 de agosto siguiente el peticionario pidió a la corte que modificara los términos de su sentencia de modo que quedara redactada así:

"Examinados los autos, por los motivos consignados en la opinión que antecede, se anula la orden de abril 4, 1932, y apareciendo de los autos que la finca hipotecada ha sido vendida por una suma menor de la del crédito hipotecario por la presente se fijan las costas en la suma de $500.00 estipulados en la escritura de hipoteca, para cualesquiera fines ulteriores."

La corte se hallaba en vacaciones y el peticionario no pudo ser oído hasta noviembre 28, 1932.

La moción de modificación se basa en que mientras se tramitaba el *certiorari* continuó su curso el ejecutivo vendiéndose la finca hipotecada en pública subasta, según declaración jurada del abogado del peticionario, el 2 de mayo, 1932, compareciendo como único postor el ejecutante a quien se le adjudicó por $4,000 suma inferior al principal de la reclamación.

Muestran los autos que el 7 de abril de 1932 Miguel J. Arsuaga por medio de sus actuales abogados presentó en esta Corte Suprema una solicitud para que se expidiera un auto de *certiorari.* En la solicitud se alegó que se había iniciado en la Corte de Distrito de Humacao el 18 de diciembre de 1931 un ejecutivo para el cobro de un crédito asegurado con hipoteca—$5,000, intereses y $500 fijados para costas—; que el juez expidió orden de requerimiento el 29 de diciembre, 1931, para que se pagara el principal, los intereses, "y la suma que oportunamente fijará este tribunal mediante el correspondiente memorándum de costas y que en ningún momento será mayor de $500"; que no satisfechas las sumas reclamadas el peticionario pidió la venta de la finca hipotecada y por insistir el juez en ello radicó un memorándum de costas por $500 que fué notificado a los deudores y reducido por la corte el 4 de abril, 1932, sin dar audiencia a los interesados, a $269, dictando orden de venta de la finca hipotecada para el cobro del principal, los intereses y las indicadas costas.

Expuestos esos hechos sostiene el peticionario que la corte inferior "cometió error de procedimiento al dictar las referidas órdenes" porque "no concedió a los demandados el término de diez días para impugnar el memorándum", porque "no dió audiencia ni a los demandados ni al peticionario"; porque actuó arbitrariamente al reducir los honorarios y porque el caso de *Vidal Sánchez* v. *Corte,* 40 D. P.R. 107, fijó un procedimiento que no puede seguirse sin audiencia de las partes.

Alegó seguidamente el peticionario la práctica que se seguía en la Corte de Distrito de San Juan que considera ilegal y en el hecho octavo consignó:

"Que se trata de una cuestión de orden general que debe ser resuelta por este Hon. Tribunal cuanto antes, porque si la práctica adoptada por la corte inferior es errónea, entonces todo ejecutante se expone a una acción de nulidad del procedimiento ejecutivo bajo el fundamento de que la corte no tuvo jurisdicción para fijar las

costas ex-parte y no se debió haber vendido la finca por una suma determinada para costas sin haber dado audiencia al deudor.''

La súplica de la petición es como sigue:

''. . . se sirva dictar un auto de certiorari dirigido a la Corte de Distrito de Humacao al Honorable Juez de la misma, Hon. Rafael Arjona Siaca, para que inmediatamente remita a este Honorable Tribunal el récord en el caso civil No. 16439 titulado: 'Miguel J. Arsuaga, demandante-ejecutante, contra Cándido Ramírez Muñoz y su esposa María Morell Santana, demandados-ejecutados', para ser revisado por este Tribunal en cuanto a la orden de abril 4 de 1932, fijando las costas en $269.00 y también en cuanto a la orden sobre venta de la finca hipotecada en cuanto ordena que sea vendida para cubrir también la suma de $269.00 para costas, y anular dichas órdenes, ordenando a la corte seguir el procedimiento fijado en el Art. 339 del Cód. de Enj. Civil tal como fué enmendado por la Ley No. 15 de Nov. 19, 1917, y ordene que la finca se venda por el montante del crédito hipotecario $5,000.00 con intereses al 9 por ciento anual desde julio 1, 1930, hasta la fecha del remate y por $500.00 para responder del pago de las costas que sean fijadas oportunamente por la Corte de Distrito de Humacao o por este Honorable Tribunal, en caso de apelación.''

El auto fué expedido. Además del peticionario, por sus abogados, se oyó a los abogados González Fagundo & González Jr. como *amicus curiae*. Ambos presentaron memorándums por escrito.

Bajo el título de ''Cuestión ante la Corte'' comienza diciendo el del peticionario:

''Ante la consideración del Tribunal pende ahora para una resolución definitiva que se establezca el procedimiento a seguirse para la fijación de las costas y honorarios de abogados en los procedimientos para el cobro de hipotecas por la vía sumaria.''

Estudia luego los antecedentes y termina:

''Al presentar este recurso, nos animó, en primer término, la revisión de la resolución dictada por la corte inferior, pero también el deseo de obtener una decisión de esta Corte en esta cuestión que sirva de pauta para el futuro.''

Sigue el argumento que comienza así:

"Con todo el respeto que nos merecen las decisiones de ése, nuestro más alto Tribunal de justicia insular, reiteramos la manifestación que hiciéramos oralmente en la vista de este recurso de que, a nuestro juicio, la doctrina establecida en los casos de Vidal Sánchez v. Corte de Distrito y Anaud v. Martínez, pugna con el propósito en que está inspirado el procedimiento sumario para la ejecución de hipotecas."

Acto seguido se expresan las razones que se tienen para llegar a esa conclusión, y entonces se dice:

"Sometemos a la consideración del Tribunal que si se llegara a la conclusión de que debe subsistir la doctrina enunciada en los casos de Teodoro Vidal Sánchez v. Corte de Distrito y Anaud v. Martínez, que entonces esta Corte Suprema de la misma manera que lo hizo al resolver el caso de Aguadilla Lighter & Storage Co. v. El Superintendente de Seguros de P. R., 43 D.P.R. 219, establezca el procedimiento que debe seguirse para la fijación de esas costas y de esos honorarios de abogados sin perjuicio del propósito que inspira la Ley Hipotecaria en lo que se refiere a la materia de ejecución de hipotecas por el procedimiento sumario."

Y siguen las sugestiones que se estimaron pertinentes.

De tal modo quedó el caso sometido a la decisión del tribunal, que lo resolvió en la forma que aparece en su opinión de julio 30, 1932, reportada en 43 D.P.R. 1001.

Se pidió a la corte que decidiera definitivamente una cuestión que estaba originando serias dificultades en todas las cortes de distrito de la Isla y así, haciendo un verdadero esfuerzo para llegar a una resolución clara y firme, la corte revocó su propia decisión en el caso de Vidal Sánchez, *supra,* y restableció la práctica anterior que se consideró conforme con la letra y el espíritu de la Ley Hipotecaria. Para ello había que ir a la raíz, al requerimiento, y al requerimiento se fué. Las resoluciones de abril 4, 1932, eran la consecuencia de la de diciembre 29, 1931. No cabía adoptar términos medios, si debía quedar fijada la regla clara y precisa que se esperaba y solicitaba de la corte.

Si el peticionario no esperó la resolución de la corte y continuó instando en el ejecutivo, debe sufrir las consecuencias de sus propios actos. La circunstancia de que esta corte accediera a la devolución de los autos a la corte de distrito, no altera esa conclusión. La orden se dictó también a instancias del peticionario y cuando ya, no obstante la pendencia del *certiorari*, se había vendido a gestión suya la finca hipotecada.

*Debe declararse sin lugar la moción del peticionario.*